No. 12-1486 – *State of West Virginia v. Lamar Dorsey*

**FILED**

July 18, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Justice, concurring:

I agree with the majority opinion that the petitioner's conviction should be affirmed because no reversible error was committed below.

I write separately because I disagree with some of the majority's bases for finding that the petitioner did not have an expectation of privacy in Ms. Gillespie's residence. First, I disagree with the majority opinion insofar that it finds that the petitioner was unwelcome in Ms. Gillespie's dwelling and maintained access to the dwelling through coercion, threats of violence or exploitation. The fact is that Ms. Gillespie willingly permitted the petitioner to live in her residence because he supplied her with drugs. Therefore, this cannot support the finding that the petitioner did not have an expectation of privacy in Ms. Gillespie's residence.

I do agree, however, with the majority opinion that the petitioner cannot challenge the seizure of evidence in Ms. Gillespie's residence because Ms. Gillespie consented to the search. According to the majority opinion, during the suppression hearing, Ms. Gillespie testified that by opening the door, she was inviting the police to come into her home over which she had full control. The majority opinion further indicates that once the police officers were inside the residence and had secured all the

1

occupants, the officers obtained Ms. Gillespie's consent to search. Based on the fact that Ms. Gillespie consented to the police entering and searching her home, and that the drugs in question were in locations otherwise accessible to Ms. Gillespie, I believe that the petitioner cannot challenge the seizure of evidence from Ms. Gillespie's home. As such, the circuit court did not err in denying the petitioner's motion to suppress this evidence. Accordingly, I concur.[1]

---

[1] An additional legitimizing basis for the search and seizure herein is the doctrine of exigent circumstances. There was nothing improper with the officers, based upon their suspicions, going to Ms. Gillespie's residence for a "knock and talk." When they knocked on the door, and then immediately heard someone running through the residence followed by the sound of a toilet flushing, the need to immediately secure the residence and attempt to prevent the imminent destruction of evidence constituted exigent circumstances.